Minute Order Form (06/97)

(10)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7281 | **DATE** | 9/21/2001 |
| **CASE TITLE** | Clynell Mickey vs. Lashan Berry et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The motion for leave to file the fifth amended complaint is granted. Status hearing set for October 18, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | SEP 25 2001 date docketed | 45 |
| | Notices mailed by judge's staff. | | docketing deputy initials | |
| | Notified counsel by telephone. | ED-7 FILED FOR DOCKETING 01 SEP 24 AM 10:04 | date mailed notice | |
| ✓ | Docketing to mail notices. | | mailing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLYNELL MICKEY, )
Plaintiff, )
vs. ) No. 99 C 7281
LASHAN BERRY, et al., etc., )
Defendants. )

DOCKETED
SEP 25 2001

MEMORANDUM OPINION AND ORDER

This case has a rather involved history. It arises from plaintiff's claim that he was subjected to unreasonable force in his cell by several corrections officers on December 17, 1998, when he was being removed from the cell. On November 5, 1999, he filed a *pro se* complaint naming several defendants. Sometime later the case was reassigned to this court and on March 6, 2000, we appointed counsel. According to plaintiff, he had identified some officers from photographs during an investigation soon after the alleged incident, but by the time the complaint was filed he could name but three of the eight to ten officers involved. On August 23, 2000, plaintiff prepared a subpoena on the Cook County sheriff, which asked for all records relating to the December 17, 1998 "transport" between divisions, a list of the officers involved and a list of the officers under the command of Sgt. Darguis (*sic*) that day, Getting no response, possibly because the subpoena had not been properly served, plaintiff served a similar subpoena on September 15, 2000. The sheriff responded to it by producing documents listing approximately 134 officers. The names of 22 were highlighted. The sheriff also produced an incident report from that date, naming four officers, all of whom had their names highlighted in the other documents. On November 14, 2000, plaintiff served a third subpoena, seeking photographs of the 22 highlighted named officers and also all records from

45

the internal investigation. One month later, shortly before the expiration of the limitations period, the sheriff produced 88 photographs without names. He did not produce any records from the internal investigation, claiming a privilege because the investigation had not been closed. Plaintiff received the response, he says, on December 15, 2000, a Friday. On Monday, December 18, 2000, the last day before the statute ran, plaintiff sought leave to file a fourth amended complaint, naming the 22 officers whose names had been highlighted, recognizing that some of the officers might not have been involved and that plaintiff did not and could not know if others had been involved. Accordingly, he asked that the statute be tolled, as well as other relief. On December 19, 2000, we granted the motion to amend and continued the motion to toll the statute. On February 22, 2001, we ordered the sheriff to produce plaintiff's statements during the internal investigation and the corresponding photographs he then identified.

Finally, on March 22, 2001, the sheriff produced internal investigation files which identified one officer as involved in the altercation in the cell, and two who were involved in the transport between divisions. Those three officers were among the 134 previously listed, but they were not among the 22 highlighted names. Plaintiff now seeks to file a fifth amended complaint, naming as defendants the four officers named in the earlier incident report (and they do not claim a limitations defense because they were earlier named and served), and the three officers identified on March 22, 2001, while dropping 18 others named as defendants in the fourth amended complaint.

The defendants oppose the filing, to the extent it adds the three officers. They contend that the plaintiff was aware of their identities since September 28, 2000, and that leave to amend was not sought until seven months after the limitations period had run.

We have no doubt that federal concepts of equitable estoppel apply here. Plaintiff seeks redress for alleged violation of his federal constitutional rights. To invoke equitable estoppel plaintiff must show defendant's improper conduct and harm. Wheeldon v. Monon Corp., 946 F.2d 533, 537 (7th Cir. 1991). Defendants contend there was no improper conduct because the sheriff disclosed the names in a timely fashion. But those names were included in documents listing approximately 134 persons in all and, unlike 22 of the listings, they were not highlighted. Nothing in the documents provides any significant indication that those three were among the officers about whom plaintiff was concerned. The internal investigation information provided specific information that should have been disclosed in response to the initial subpoenas. And a timely disclosure of the internal investigation information would have permitted the filing of a timely amended complaint naming the three.

We are mindful that the delays in disclosure are not attributable to the three defendants but, rather, to their employer. They have not been prejudiced, however, as they would have been named much earlier if the information had been provided in a timely fashion. Plaintiff did all he reasonably could do. The defendants' employer did not. We conclude that the defendants are equitably estopped from relying upon a limitations defense. The motion for leave to file the fifth amended complaint is granted.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 24, 2001.