

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7281 | **DATE** | 6/16/2003 |
| **CASE TITLE** | Clynell Mickey vs. Liutaurus Dargis et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the above reasons, defendants' motion for summary judgment is granted in part and denied in part. Count II is dismissed. Status hearing set for June 26, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 80 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUN 16 PM 12:01 | date mailed notice | |
| | | OT 03-0371J Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JUN 1 7 2003

| | | |
|---|---|---|
| CLYNELL MICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 99 C 7281 |
| | ) | |
| LIUTAURUS DARGIS, FOSTER BRADLEY, | ) | |
| RONALD PROHASKA, JOHN VEGA, | ) | |
| ALBERT STUBENVOLL, JOHN BAILEY, | ) | |
| and REGINALD WEBB, all in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clynell Mickey brought this action against defendants, Cook County Department of Corrections officers, alleging use of excessive force and denial of due process. Defendants move for summary judgment on both counts. For the following reasons, defendants' motion is granted in part and denied in part.

## BACKGROUND

At all relevant times plaintiff was a pretrial detainee in custody of the Cook County Department of Corrections (DOC). On December 17, 1998, plaintiff was scheduled to be transferred from one building of the Cook County Jail, Division 11, to another, Division 9. While he was being removed from his cell an altercation occurred which left plaintiff requiring medical attention. Plaintiff alleges that defendants used unnecessary and unreasonable force in the incident. Defendant Officer Liutaurus Dargis filled out a disciplinary report regarding the altercation that included a charge that plaintiff disobeyed an order by staff and made



threats by actions *(mo. for SJ, exh. F)*.

Plaintiff was apparently separated from his belongings during the subsequent transfer. Upon arrival at Division 9, plaintiff's belongings were searched and three road flares were found among plaintiff's possessions. A second disciplinary report was written up by an Officer Haran, charging plaintiff with having contraband. *Id.* Plaintiff was placed in disciplinary confinement that night.

On December 18, 1998, a hearing of the Inmate Disciplinary Board was held regarding the altercation in plaintiff's Division 11 cell. Under the disciplinary report's section, Part II Board Findings, there is a signed statement by plaintiff stating his innocence, a finding by the board that plaintiff committed the prohibited act as charged, and a recommendation that he be placed in disciplinary segregation from December 17, 1998 through January 1, 1999. There is also a handwritten statement, "No witnesses requested." *Id.* Plaintiff never appeared before a disciplinary review board regarding the road flares (pl. cplt, ¶33).

The DOC has a grievance procedure to be used by detainees if, for various reasons, they wish to complain, including alleged violations of constitutional rights *(mo. for SJ, exh.D)*. To correctly file a grievance, a detainee must fill out an Inmate Grievance Form and place it in a designated locked box. If that particular form is not available, blank writing paper is accepted. The grievance must be filed within 15 days of the alleged incident giving rise to the complaint. Plaintiff was aware of this grievance system at the time of his transfer *(pl. dep. at 91)*.

While not included in his complaint or deposition, plaintiff states in a recent affidavit that on or about December 18, 1998, he used a request slip (a form usually used for requesting clothing and supplies) and wrote his name, inmate number, housing division, tier, date, a

statement regarding his removal incident, and a statement that the road flares found in his belongings had been planted *(Mickey aff., ¶3)*. He allegedly addressed the slip to Internal Affairs and deposited it in a grievance locked box. Within a few days of the alleged incident, plaintiff claims that he met with the superintendent of correctional officers in Division 9 and was told that there would be an investigation into his claims of excessive force and planting of contraband *(pl. cplt,¶32)*. He was released from disciplinary confinement immediately after that meeting *(id., ¶33)*.

During the ten months following plaintiff's meeting with the superintendent, plaintiff claims that he sent at least five requests for information regarding the transfer incidents, addressed to internal affairs and the superintendent, all executed on request slips rather than grievance forms *(pl. dep., p.94)*. Plaintiff filed a complaint with this court on November 5, 1999. On January 4, 2000, plaintiff was taken to Division 5, where he met with an internal affairs investigator regarding his allegations of excessive force *(pl. dep. exh. 3)*. At that time he was shown photographs of corrections officers and he identified specific officers and explained their involvement in the incident *(cplt., ¶34)*. According to a discovery letter from defendants' counsel, the internal affairs investigation was still open and pending as of December 13, 2000 *(pl. exh. 3)*.

## DISCUSSION

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We draw all inferences and view all admissible evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

(1986).

In Count I, plaintiff alleges that defendants subjected him to an unconstitutional use of excessive force in removing him from his cell. Defendants have raised an affirmative defense, claiming plaintiff failed to exhaust his administrative remedies before bringing this claim. They move for summary judgment based on that defense.

Under the Prisoner Litigation Reform Act (PLRA) and Seventh Circuit caselaw, a prisoner claiming excessive force must make use of the remedies available within the prison system before turning to the federal courts. Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001); 42 U.S.C. § 1997e(a). An inmate must not only follow all the steps required to exhaust the remedies available but must also follow the rules established to complete that process. Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) ("a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

Plaintiff does not dispute that he was required to exhaust his administrative remedies before coming to this court but insists that the steps he took satisfied the requirements laid out in the grievance procedure. Plaintiff testified that he filed a grievance on a request slip at the time and place required *(pl. aff. at 3)*. The grievance procedure requirements provide that if a grievance form is not available, then an inmate may file a complaint on blank writing paper *(mo. for SJ, exh.D)*. Plaintiff alleges that he was not able to find a grievance form so he used the writing paper he was able to find, a request form *(pl. aff. at 1-2)*. If this is what occurred, then plaintiff's actions sufficiently adhered to the DOC rules as required by Pozo.

Defendants assert that plaintiff's affidavit testimony contradicts his earlier deposition testimony in which he states that he had not submitted a grievance regarding the alleged

excessive use of force *(pl. dep. at 91)*. Plaintiff explains in his affidavit that when responding to the question of whether he had filed a grievance regarding the incident he was answering, that he had never filed a grievance form, not that he had never utilized the grievance system. This explanation is arguably supported by plaintiff's other deposition testimony, in which he states that he continued to complain about the alleged constitutional violations by sending request forms to internal affairs and the superintendent. Viewing the facts in the light most favorable to the plaintiff, it is possible to read his affidavit testimony as consistent with his earlier statements. Defendants will have an opportunity to reargue that plaintiff's affidavit testimony is undermined by his earlier statements when and if this case goes to trial.

Defendants also note that on December 28, 1998, plaintiff filled out a grievance form on a matter unrelated to this litigation and argue that this belies plaintiff's contention that the grievance forms were not available to him. While this does support the assertion that plaintiff knew how to correctly use the grievance system, a fact admitted by plaintiff, it does not show definitively that there were grievance forms readily available to plaintiff ten days earlier. Again, defendants will have an opportunity at trial to offer the December 28th grievance in its effort to discredit plaintiff's testimony and support its defense.

In Count II, plaintiff alleges that he was deprived of due process when he was subjected to disciplinary segregation for the road flares found in his belongings, without an adjudication of guilt. Defendants cite Sandin v. Conner, 515 U.S. 472, 487 (1995), to support their argument that freedom from a three-day punitive segregation is not a constitutionally-protected liberty interest for which the state must afford due process. But the liberty analysis in Sandin does not apply to pretrial detainees. Rapier v. Harris, 172 F.3d 999, 1003-1005 (7th

Cir. 1999).

Disciplinary action may be taken against a detainee for misconduct that occurs during confinement, but only after he is afforded some sort of procedural protection. *Id.* This is the only way to ensure that a pretrial detainee is not being punished for a crime that has not yet been litigated. *Id.*; Bell v. Wolfish, 441 U.S. 520 (1979). Plaintiff testifies that it was the finding of the road flares in his belongings that was the basis for his placement in disciplinary segregation on the night of December 17, 1998, and it does appear that the charges against plaintiff regarding the alleged contraband were never addressed in a hearing or otherwise *(pl. dep. at 80-82).* At the same time, plaintiff did receive a hearing on December 18, 1998, regarding the failure to obey an order, and the hearing report states that his disciplinary confinement, retroactive to the night before, was a result of those charges *(mo. for SJ, exh. F)* Under Rapier, the hearing on December 18, 1998, was sufficient due process to justify the disciplinary segregation plaintiff received, regardless of whether the contraband charges were ever addressed.

## CONCLUSION

For the above reasons, defendants' motion for summary judgment is granted in part and denied in part. Count II is dismissed.

*JAMES B. MORAN*
Senior Judge, U. S. District Court

June 16, 2003.