Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7281 | **DATE** | 4/22/2004 |
| **CASE TITLE** | CLYNELL MICKEY vs. LIUTARUS DARGIS, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order re motions in limine.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | date docketed | |
| | Notified counsel by telephone. | | | | |
| ✓ | Docketing to mail notices. | | | | 101 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2004 APR 22 PM 4:31 | date mailed notice | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLYNELL MICKEY, )
)
    Plaintiff, )
)
vs. ) No. 99 C 7281
)
LIUTARUS DARGIS, FOSTER )
BRADLEY, RONALD PROHASKA and )
ALBERT STUBENVOLL, all in their )
individual capacities, )
)
    Defendants. )

DOCKETED
APR 2 3 2004

## MEMORANDUM OPINION AND ORDER

Both plaintiff and defendants have filed motions *in limine.* We rule upon them as follows:

Plaintiff's motion 1 seeks to exclude any other "bad acts" evidence, pursuant to Rule 404, Federal Rules of Evidence. Defendants have no objection, and the motion is granted.

Plaintiff's motion 2 seeks to exclude any evidence that he was convicted in a criminal case referred to as 92 CR 12107, contending that it is beyond the ten-year window of Rule 609(b). That window is ten years after the date of conviction or release from confinement imposed for that conviction. We are told that the conviction on 92 CR 12107 was January 19, 1993, more than ten years ago, but we are not told when plaintiff was released after serving some portion of his three-year sentence. If IDOC records establish that the release was within the ten-year window, the conviction is proper evidence; if the release date is not established, or was more than ten years prior to trial, it is not. Further, defendants make reference to a probation violation, without indicating whether they seek admission of evidence respecting the

101

violation. We are not provided with any precedent indicating that a probation violation is a conviction for the purposes of Rule 609. It appears to be more akin to a Rule 404 prior bad act, and therefore not admissible. We note that defendants do not appear to be seeking admission of that violation as a conviction, as they list no exhibit relating to it.

Plaintiff's motions 3 and 5, and defendants' motions 1 and 8, are all related. Plaintiff seeks to exclude any evidence that the defendants were "exonerated" by Internal Affairs. Since that relates to plaintiff's motion 5, we turn to the issue of road flares. Plaintiff contends that the "defendants" planted road flares, which are contraband, in his belongings. He was written up, but not punished for that possession, which led to the dismissal of Count II. He contends, however, that the planting of the road flares by the defendants was a frame-up, indicating malice.

The defendants are not, however, fungible. The suit earlier named six defendants, but two were voluntarily dismissed. Presumably they had access to plaintiff's belongings, or so Count II indicates. Defendants contend that two of the remaining four did not have access, but we are not provided with the basis for that contention. Further, we are not told who else may have had access. All we are told is that plaintiff would testify that road flares were found among his belongings sometime after the incident, he did not put them there and he has no idea who specifically did so. Thus we are left with the contention that one or more of the six defendants, or perhaps others, planted the road flares, and that is an indication of malice by the four remaining defendants. That is, however, too weak a reed to support plaintiff's contention. We deny plaintiff's motion 5. We grant his motion 3 because it has no relevance if we are not getting into the road flares issue. We also, for the same reasons, grant

defendants' motions 1 and 8.

Plaintiff's motion 4, to bar evidence of the underlying facts of any criminal conviction, is granted, subject, of course, to reconsideration should plaintiff testify about those facts.

Defendants' motion 2 seeks to bar any reference to excessive force at the Cook County Department of Corrections or Criminal Courts Building, witnessed by plaintiff before December 17, 1998. While plaintiff notes that there are some exceptions to Rule 404(b) exclusion, he points to none applicable here. The motion is granted, subject to reconsideration if plaintiff believes he has admissible evidence and discusses it with defendants and the court before any inquiry.

Defendants' motion 3 to bar any medical opinion or diagnosis by plaintiff is granted to the extent the opinion or diagnosis is beyond the competence of a layman. He may testify to his treatment, e.g., sutures and prescriptions, and how he felt at various times – matters of personal knowledge and observation well within his competence.

Defendants' motion 4 seeks to exclude evidence of their conduct before the date of the incident, "where such conduct does not bear any relationship to their conduct on the date and time of the incident." That motion is granted, subject to the same qualification noted concerning defendants' motion 2.

Defendants' motions 5 and 6 are granted, plaintiff having no objection.

Defendants' motion 7 seeks to exclude any character witnesses on behalf of, we assume, plaintiff. We are not told why. Plaintiff objects, but he does not list any such witness nor does he indicate why he would want to offer such a witness, who might well be asked about his knowledge of the facts underlying plaintiff's past convictions and about his probation

violation. While questioning on what basis defendants seek to exclude or the wisdom of plaintiff's objection, we leave to another day ruling on the matter if and when plaintiff seeks to introduce such a witness who is not otherwise barred by the ruling on defendants' motion 6 and the failure to name the witness in the Final Pretrial Order.

                                                                JAMES B. MORAN
                                           Senior Judge, U. S. District Court

April 21, 2004.